**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Keya Simon, as Personal Representative of the Estate of Tommy Brown,<br><br>Plaintiff,<br>v.<br><br>Lorenzo Yanniel Vega, et al.,<br><br>Defendants. | Case No. 2:25-396-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Houston Casualty Company and Chaucer Syndicate 1094 (together "Underwriters")'s motion to intervene. (Dkt. No. 110). Defendant Spirit Logistics Network, Inc. and Plaintiff both oppose intervention. Also before the court is nonparty Progressive Express Insurance Company's motion to intervene for the purpose of opposing Underwriters' motion. (Dkt. No. 117). For the reasons stated below, Underwriters' motion is denied and Progressive's motion is denied as moot.

## I. Background

Plaintiff alleges Tommy Brown died in a car crash with Defendant Lorenzo Vega, who was driving a truck for Defendant SPS Elite, LLC ("SPS"). Defendant Spirit Logistics Network, Inc. is a freight broker who contracted with SPS. SPS was delivering appliances to Lowe's. Plaintiff is Brown's personal representative.

Underwriters appear to be two of Spirit's excess carriers and move to intervene because of apparent dissatisfaction with the defense Spirit's counsel has provided to date. *See* (Dkt. No. 110 at 8-9) (noting Underwriters do not wish to contest coverage but "seek only to ensure that Spirit's

liability, if any, is determined on the merits”). Plaintiff and Spirit oppose the motion to intervene. (Dkt. Nos. 114, 116). Underwriters filed replies to these oppositions. (Dkt. Nos. 119, 121).

The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 24 provides for two types of intervention. “Intervention of Right” requires the court to permit anyone to intervene upon timely motion who “claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.” Fed. R. Civ. P. 24(a)(2). Thus, to intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore,* 193 F.3d 838, 839 (4th Cir. 1999). “A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements.” *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.,* 349 F.Supp.2d 934, 937 (D. Md.2004) (citing *In re Richman,* 104 F.3d 654, 658 (4th Cir.1997)).

“[A] party will not be permitted to intervene as a matter of right unless it has a direct, substantial, and legally protectable interest in the action.” *Genesis Press, Inc. v. MAC Funding Corp. .,* No. 6:08–2115–HMH, 2008 WL 3200742, at *1 (D.S.C. Aug.5, 2008). The term “interest” in this context defies a simple definition. *See Bradley v. Milliken,* 828 F.2d 1186, 1192 (6th Cir. 1987). However, the Supreme Court has stated that the interest must be “significantly protectable.” *See Donaldson v. United States,* 400 U.S. 517, 531 (1971). Additionally, such an interest must not

be remote or contingent. *See e.g., Travelers Indemnity Co. v. Dingwell,* 884 F.2d 629, 638 (1st Cir. 1989).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rule 24(b) notes that in "exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

## III. Discussion

*Lewis v. Excel Mechanical, LLC*, No. 2:13-cv-281-PMD (D.S.C. July 16, 2013), is instructive. There, plaintiff sued defendants for personal injuries. Penn National provided defendants with a defense under a reservation of rights. *Id.* at *1. After defendants answered, admitting negligence in part but asserting comparative negligence as an affirmative defense, Penn National—seemingly dissatisfied with counsel—moved to intervene. *Id.*

The court denied the motion. The court rejected Penn National's argument that because it "would be required to fund at least part of Plaintiff's recovery *if* coverage under the policy exists . . . [it] is the real party in interest and thus has an interest in the subject matter of this action." *Id.* at *2. The Court noted that "Penn National's [actual] interest is in how much of any future award may be attributable to damages contemplated by the policy." *Id.* But that the pending "tort action is not the proper place to raise substantive issues of insurance law." *Id.* (noting Penn National had no interest in the subject matter of "this action, that is, Mr. Lewis's allegedly negligent operation of the Boat").

The Court denies Underwriters' motion for similar reasons. Underwriters do not have an interest in *this* litigation's subject matter, the crash described above. *Id.* Nor would denial of the

motion to intervene impair Underwriters' ability to litigate coverage issues at a different time, in other proceedings. *See* (Dkt. No. 110 at 8-9) (admitting Underwriters "do not seek to contest coverage in this action"); (*Id.* at 9) (discussing disputes between carriers by noting "Progressive appears to be leveraging its control over the defense of both the motor carrier and Spirit to pursue a settlement that serves Progressive's own interests by pressing other insurers to contribute without regard to the legal merits of the claims against Spirit").

In sum, Underwriters cannot satisfy Rule 24's standard for intervention of right. Underwriters have no direct interest in this action. Their grievances—themselves contingent and hypothetical—are an improper basis on which to seek intervention. *See, e.g.*, (*id.*) (arguing that "[i]f Spirit's current defense counsel will not advance the dispositive defenses available to Spirit, Underwriters stand ready to do so, and for that reason, seek leave to intervene at this time."); *but see* (Dkt. No. 85) (scheduling order setting dispositive motions deadline for December 7, 2026). The motion to intervene as of right is denied.

Nor is permissive intervention proper. The Supreme Court has interpreted this provision to "dispense [ ] with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *S.E.C. v. U.S. Realty & Improvement Co.,* 310 U.S. 434, 459 (1940). Thus, the two questions that the Court must consider as to permissive intervention are whether Underwriters have a claim or defense that shares a question of law or fact in common with this action, and whether intervention would unduly delay resolution of this litigation with respect to the current parties. Fed. R. Civ. P. 24(b)(1)(B), (b)(3). The Court has broad discretion in granting permissive intervention. *Backus v. South Carolina,* No. 3:11–cv–03120, 2012 WL 406860, at *2 (D.S.C. Feb.8, 2012).

First, as noted above, Underwriters' true concern is with contingent, hypothetical disputes which may or may not arise with other insurers of Spirit. Thus, Underwriters arguably do not have "a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B). But, even if Underwriters did share a defense with Spirit involving a common question of law or fact, the Court finds intervention would unnecessarily delay, complicate, and potentially prejudice parties to this action. Spirit is represented by competent counsel and is already in contact with Underwriters. (Dkt. No. 116 at 9) (describing these contacts). Further, Underwriters' intervention would not only force the Court to potentially receive conflicting briefing on behalf of Spirit, but force Plaintiff to litigate against both Spirit *and* Underwriters. Underwriters' desire to intervene is an invitation to chaos. *See Lewis*, 2013 WL 3762904, at *4 ("Plaintiff would be forced to litigate matters against the insurance company that she would not have to otherwise, as the issue of coverage under Excel's policy is not before the Court and Defendants have conceded that Excel is vicariously liable for Mr. Lewis's negligence."). For those reasons, Underwriters' motion is likewise denied as to permissive intervention.

**Conclusion**

For the reasons set forth above, Underwriters' motion to intervene is denied (Dkt. No. 110) and Progressive's motion to intervene (Dkt. No. 117) is denied as moot.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 28, 2026
Charleston, South Carolina